**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-01281 VAP (OPx)                           Date:  July 17, 2009

Title:    DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007 SECURITIEZED ASSET BACKED RECEIVABLES LLC TRUST 2007-NC2 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NC2, its successors and assigns -v- ULIVARDO AVALOS

==============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

   On January 21, 2009, Plaintiff Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement dated as of February 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-NC2 Mortgage Pass-through Certificates Series 2007-NC2, its successors and assigns ("Plaintiff") filed a "Complaint for Unlawful Detainer and Money Damages" against Defendant Ulivardo Avalos ("Defendant").  On July 7, 2009, Defendant removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (<u>See</u> Not. of Removal at 1-2.)

EDCV 09-01281 VAP (OPx)
DEUTSCHE BANK v ULIVARDO AVALOS
MINUTE ORDER of July 17, 2009

      Removal jurisdiction is governed by statute. See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. FedermanBachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

      Defendant claims one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "aris[e] under" federal law. (See Not. of Removal at 1.) From the face of the Complaint, Plaintiff's claim is an unlawful detainer action under California state law. See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendant has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

      Defendant also claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332. (See Not. of Removal at 2.) Upon further review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case. Defendant does not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction. See 28 U.S.C. § 1332.

      Defendant has not met his burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

      **IT IS SO ORDERED.**